IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**EARL D. WIGGINS,**

           **Plaintiff,**

v.                                                                                **Civil Action No. 3:22cv776**

**SLADJANA SKRBA,**[1]

           **Defendant.**

## MEMORANDUM OPINION

Earl D. Wiggins, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983.[2] The matter was transferred from the Alexandria Division to this Court. In his Amended Complaint, Wiggins alleges that he was denied appropriate dental care by Defendant Skrba. (ECF No. 6.)[3] The matter is now before the Court on the Motion to Dismiss filed by Defendant Skrba. (ECF No. 18.) Although Wiggins was provided with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), he has not filed a response and more than nine months have elapsed without any communication to the Court. Nevertheless, for the reasons stated below, the Motion to Dismiss will be DENIED.

---

[1] The Motion to Dismiss identifies Defendant "Ms. T.," as Sladjana Skrba, DDS. (ECF No. 18.) The Clerk is DIRECTED to update the docket to reflect that change.

[2] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[3] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization and omits the emphasis in quotations from the parties' submissions.

## I. Standard for Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Wiggins's Allegations

In his Amended Complaint, Wiggins alleges as follows:[4]

> The facts of my case are that the dentist [Defendant Skrba] used cruel and unusual punishment 8th Amendment.[5] Not only was I in pain, she took it upon herself to try to pull another tooth [but] she didn't have my permission to do so and the effect was painful with half of my tooth missing. I can no longer chew down on the left side of my mouth. I signed a contract giving [Defendant Skrba and] her assistant, Ms. Welch, permission to pull my wisdom tooth only.
> Under color of state law, this includes people who work for the state, local officials. [Whether] prison guard or doctor, her actions were intentional. I did not give them further permission to pull any other tooth. ([Defendant Skrba or] Ms. Welch).
> Their actions showed [and] displayed negligence. I do not have a date they [sic] being medical refuses to send me any of my dental or medical records.

(ECF No. 6, at 2 (formatting added).) Wiggins requests monetary damages. (ECF No. 6, at 4.)

---

[4] By Order entered on February 9, 2021, the Court dismissed any claims against Defendants Ms. Welch and Wellpath. (ECF No. 8, at 3.) The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from the parties' submissions. The Court has tried its best to read Wiggins's handwriting, but in some instances, the Court must guess at the word Wiggins uses based on the context. The Court has placed these illegible words in brackets.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

## III. Analysis

Defendant Skrba argues that: 1) Wiggins's claim is barred by the statute of limitations; 2) Wiggins fails to state a claim of deliberate indifference; and, 3) that the Court should consider the affidavit of Defendant Skrba in its review of the Motion to Dismiss. (ECF No. 19, at 5–9.) As discussed below, all three arguments are unpersuasive.

### A. Statute of Limitations

Defendants argue that because Wiggins fails to provide a date upon which Defendant Skrba was deliberately indifferent with respect to his dental procedure, "this Court cannot determine if the claim has been brought within the statute of limitations," and therefore the Amended Complaint should be dismissed. (ECF No. 19, at 5.) Tellingly, Defendant Skrba provides no legal authority for this proposition. Contrary to Defendant Skrba's suggestion, the statute of limitations is an affirmative defense and the burden of establishing that the claim is untimely rests with the defendant. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir 2007) (citations omitted). A motion to dismiss may be granted only "if all fact necessary to the affirmative defense 'clearly appear[] *on the face of the complaint.*'" *See id.* (alteration in original) (citations omitted). On the face of the Amended Complaint, the Court cannot conclude that Wiggins's claim is untimely because no dates are included. Therefore, this argument lacks merit and the Motion to Dismiss will be DENIED on this ground.

### B. Failure to State a Claim

At this juncture, the Court must presume the truth of all Wiggins's well-pleaded allegations. *Mylan Labs., Inc.*, 7 F.3d at 1134. With respect to Defendant Skrba's argument that she was not deliberately indifferent to Wiggins's serious dental needs, the Court already determined that Wiggins stated a claim for relief sufficient to survive the Court's screening

obligations. (*See* ECF No. 8, at 4.) Accordingly, the Motion to Dismiss will be DENIED on that ground.

### C. The Court Cannot Review Extrinsic Evidence

Defendant Skrba next suggests: "If the Court will consider information beyond the Amended Complaint in reaching its decision pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, Dr. Skrba has attached an Affidavit and supporting medical records (**Exhibit A**) that make clear that she was not deliberately indifferent and did not have the subjective knowledge required to meet the very high deliberate indifference standard." (ECF No. 19, at 9.)

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted).

The Court declines to review the affidavit in the context of a Motion to Dismiss. When reviewing a motion to dismiss, the Court may consider materials outside of the pleadings if the materials are "integral to and explicitly relied on in the complaint." *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (citation omitted). Defendant Skrba fails to explain how her own affidavit could be "integral to" Wiggins's allegations in the Amended Complaint. Further, Defendant Skrba fails to point to any controlling authority that would permit this Court to review her affidavit in the context of a motion to dismiss. In sum, the Court

5

will not review the affidavit in assessing the propriety of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[6]

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss will be DENIED. (ECF No. 18) Within thirty (30) days of the date of entry hereof, Wiggins must contact the Richmond Division of the United States District Court for the Eastern District of Virginia[7] and notify the Court of his desire to continue to litigate this action. If Wiggins fails to respond within that time, the Court will dismiss the action without prejudice. *See* Fed. R. Civ. P. 41(b). If Wiggins notifies the Court of his desire to continue to litigate the action, any party wishing to file a motion for summary judgment should do within thirty (30) days of the filing of that notice.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1/12/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[6] The Court finds it inappropriate at this juncture to convert the motion under Fed. R. Civ. P. 12(b)(6) into a Motion for Summary Judgment under Fed. R. Civ. P. 56. "[C]onversion of a motion to dismiss to one for summary judgment requires that '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Bala v. Comm. of Va. Dep't of Conserv. & Recr.*, 532 F. App'x 332, 334 (4th Cir. 2013) (second alteration in original) (citation omitted). Therefore, "such conversion is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

At this juncture, Wiggins has not had an opportunity to present all materials pertinent to a motion for summary judgment. *See Bala*, 532 F. App'x at 334. Given Wiggins's *pro se* status, it is appropriate to consider the evidence on summary judgment after Wiggins has been fairly apprised of his need to respond with specific facts. Accordingly, the Court declines to convert the Motion to Dismiss to a Motion for Summary Judgment because of the lack of a fully developed factual record before the Court. *See Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (citations omitted) (explaining that "conversion takes place at the discretion of the court").

[7] The mailing address is as follows: Spottswood W. Robinson III and Robert R. Merhige, Jr. United States Courthouse, 701 East Broad St., Richmond, VA 23219.

6